35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. LEE, a/k/a Joseph Thomas, a/k/a Civic, Defendant-Appellant.
 No. 93-5524.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 13, 1994.
Decided: Sept. 2, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-92-341)
 ARGUED: Hunt Lee Charach, Federal Public Defender, Charleston, W VA, for appellant.
 Sharon Mullen Frazier, Asst. U.S. Atty., Huntington, W VA, for appellee.
 ON BRIEF: C. Cooper Fulton, Asst. Federal Public Defender, Charleston, W VA, for appellant.
 Rebecca A. Betts, U.S. Atty., J. Kirk Brandfass, Asst. U.S. Atty., Charleston, W VA, for appellee.
 
 
 1
 S.D.W.Va.
 
 
 2
 AFFIRMED.
 
 
 3
 Before NIEMEYER, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON, District Judge:
 
 4
 Defendant Joseph A. Lee appeals his sentence for conviction of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (1988). First, Lee argues that the District Court violated United States Sentencing Guideline (U.S.S.G.) Sec. 6A1.3 when it based its determination of Lee's relevant conduct on the assertion of a confidential informant whom Lee claims is not credible. Second, Lee claims that the District Court deprived him of his liberty without due process of law in violation of the Fourteenth Amendment by relying upon sentencing information from the confidential informant that Lee maintains was materially unreliable. Third, Lee contends that the District Court violated the separation of powers doctrine by calling upon the probation officer to testify during the sentencing hearing to prove a higher base level than the United States represented it was capable of proving.
 
 
 5
 On November 12, 1992, David Churchill, working as a paid confidential informant for the Charleston, West Virginia Drug Unit, went to the apartment of Leslie Carter to buy cocaine base. Churchill had agreed to make drug buys for the police so as to receive immunity from prosecution for selling crack and receiving stolen firearms. Inside Carter's apartment, Churchill bought 3.60 grams of cocaine base from the appellant, Joseph Lee.
 
 
 6
 Based upon this buy, the police searched Carter's apartment. When they arrived, Carter, Lee, and Rahnan Dallas were present. During the search, the police found 17.96 grams of cocaine base. Five days later, Lee and Carter were arrested.
 
 
 7
 On January 25 and 26, 1993, Churchill testified as a government witness in the separate drug trial of Scott Jones. In addition to many evasions and inconsistencies in his testimony, he admitted on cross-examination to numerous lies. Churchill admitted that throughout the time he was working as a confidential informant for the Drug Unit, he continued to use drugs, and he continued to sell crack.
 
 
 8
 Lee entered into a plea agreement with the government and pled guilty to the charge of conspiracy to distribute cocaine base. At the plea hearing, the government took the position that the amount of cocaine base attributable to Lee was 12.58 grams. At the sentencing hearing on July 6, 1993, Lee objected to that portion of the presentence report which attributed more than 12.58 grams of cocaine to him. The government joined in that objection. The judge asked if there was evidence to be presented, and the prosecutor responded that he believed the issue could be resolved by argument. The judge then sua sponte called the probation officer, Keith Zutaut, to testify. Zutaut testified that besides obtaining information about the offense from the criminal complaint, he had also interviewed both Lee and Carter. Zutaut stated that Carter had told him that Lee and Dallas knew of each other's involvement in drug dealing. Zutaut also stated that Carter did not know whether Lee and Dallas were operating independently of each other. On cross-examination, Zutaut admitted that the source of information as to the amount of cocaine was the investigative report of Detective Hart, which was based on the debriefing of Churchill.
 
 
 9
 After hearing the probation officer's testimony and considering the testimony of Lee and Carter, the investigative report of Detective Hart, the information provided by the CI, and other corroborative evidence, the Court rejected the position of the parties and found the total amount of cocaine base attributable to Lee was 21.90 grams.
 
 
 10
 The District Court then determined that Lee's total offense level was 28, his criminal history category was 1, and that his guideline range was 78 to 97 months. The Court then imposed a sentence of: 78 months imprisonment, 5 years supervised release, $2,000 fine, and a $50 monetary assessment. If the District Court had adopted the positions taken by defendant, namely that only 12.58 grams of cocaine base should be attributed to defendant, then defendant's resultant guideline sentencing imprisonment range would have been 63-78 months.
 
 
 11
 In cases involving "overlapping sentences," it is unnecessary for an appellate court to review the propriety of an increased sentence if the District Judge has indicated that defendant's sentence would have been the same regardless of which sentencing range had ultimately been determined to be appropriate. United States v. Smith, 914 F.2d 565, 569 n. 3 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991). After imposing its sentence, the Court stated: "The Court believes that 78 months will be the appropriate sentence under any circumstance in this case." While the District Judge did not specifically state that he would impose a sentence of 78 months regardless of which guideline was used, it is clear that the District Court would have imposed the same sentence whether the amount of cocaine base attributed to Lee had been 12.58 grams or 21.90 grams.
 
 
 12
 Having determined that the District Court would have imposed the same sentence regardless of the quantity of cocaine involved, we need not address the remaining claims of the appellant. The decision of the District Court is
 
 
 13
 AFFIRMED.